UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAUTILUS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ GLOBAL RISKS U.S., <br><br> Defendant. | CASE NO. C11-5281BHS <br><br> ORDER DENYING DISCOVERY REQUEST |

This matter comes before the Court on the parties' joint discovery submission (Dkt. 26). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the request for discovery for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 18, 2011, Plaintiff Nautilus Group, Inc. ("Nautilus") filed a complaint against Defendant Allianz Global Risks U.S. ("Allianz") in Clark County Superior Court for the State of Washington. Dkt. 1. Nautilus alleges various causes of action based on Allianz's denial of coverage under an insurance contract. *Id.* On March 13, 2011, Allianz removed the matter to this Court. *Id.*

On December 2, 2011, Allianz filed a motion for judgment on the pleadings arguing that, even if all of the facts alleged in the complaint are assumed to be true, Nautilus has failed to state a cause of action. Dkt. 25. On January 30, 2012, Nautilus responded. Dkt. 28.

On January 11, 2012, the parties filed a joint discovery submission pursuant to Local Rule CR 37. Dkt. 26. Nautilus requests production of Allianz's claim file while

ORDER - 1

Allianz argues that the claim file is irrelevant for the threshold dispositive coverage issue. *Id*.

## II.  DISCUSSION

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted.  *Id*.

Motions to dismiss for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Allianz moves for judgment on the pleadings as a matter of law. Allianz's position is not that Nautilus has failed to allege sufficient facts under a

ORDER - 2

cognizable legal theory, but that Nautilus has failed to state a cognizable legal theory assuming every alleged fact is true.  Specifically, Allianz contends that there is no coverage under the insurance contract based on the facts set forth in the complaint.  Thus, any discovery at this stage of the proceeding is unnecessary.  If it is determined that Nautilus has failed to assert a cognizable legal theory, then additional facts would be irrelevant because any amendment would most likely be futile.  If it is determined that Nautilus has failed to allege sufficient facts under a cognizable legal theory, then Nautilus will most likely be allowed leave to amend.  *Eminence Capital*, 316 F.3d at 1052.

Furthermore, the parties have not presented the Court with an appropriate discovery dispute.  It has not been shown that Nautilus has properly requested production of discovery or that Allianz has had an opportunity to properly object to the request.  While the Court recognizes the parties' desire to reduce the cost of litigation pending the outcome of a threshold dispositive issue, the briefing before the Court shows that this issue is an underdeveloped dispute between the parties rather than a failure to produce relevant discovery that necessitates an order to compel.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Nautilus' request that Allianz produce its claim file is **DENIED** as premature and improperly presented.

DATED this 3rd day of February, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge